UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
KENTUCKY AT LONDON

***To Be Filed Electronically***

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OWNERS INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | NO. 6:13-cv-222-DLB |
| | ) | |
| KENTUCKY HIGHLANDS INVESTMENT CORPORATION, et al. | ) | |
| | ) | |
| Insured Defendants | ) | |
| v. | ) | |
| | ) | |
| GRANGE MUTUAL CASUALTY CO.<br>One Nationwide Plaza<br>Columbus Ohio 43215 | ) | |
| | ) | |
| Serve Kentucky Secretary of State | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CSC Lawyers Incorporating Co.<br>421 W. Main Street<br>Frankfort, KY 40601 | ) | |
| Third-Party Defendant | ) | |
| | ) | |

Come Defendants, and Third-Party Plaintiffs Outdoor Venture Corporation, ("OVC"), J.C. Egnew ("Mr. Egnew"), L. Ray Moncrief ("Mr. Moncrief"), and Stearns Manufacturing, LLC ("Stearns"), (jointly "Third-Party Plaintiffs") by counsel, and for their Complaint against Grange Mutual Casualty Co. ("Grange"), state as follows:

PARTIES, JURISDICTION AND VENUE

1. The Defendant and Third-Party Plaintiff, Outdoor Venture Corporation ("Outdoor Venture") is a domestic corporation, organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Stearns, Kentucky. Its address is P.O. Box 337, Stearns, KY 42647.

2. The Defendant and Third-Party Plaintiff, Mr. Egnew, serves as the President of OVC, and is an individual citizen and resident of the Commonwealth of Kentucky, residing in Stearns, KY 42647-0425.

3. The Defendant and Third-Party Plaintiff, Mr. Moncrief, is a director of OVC, and an individual citizen and resident of the Commonwealth of Kentucky, residing in London, KY 40741.

4. The Defendant and Third-Party Plaintiff, Stearns Manufacturing, LLC ("Stearns") was organized to conduct business in the Commonwealth of Kentucky as a Kentucky limited liability corporation on January 18, 2013, with its principal place of business in Stearns, Kentucky. Stearns has transferred its assets to OVC, and on May 2, 2013, Stearns was dissolved as an LLC.

5. Third-Party Defendant Grange is an insurance company, with its principal business address at 671 South High Street, P.O. Box 1218, Columbus Ohio 43216-1218.

6. This Court has jurisdiction over this action because it has jurisdiction over the action between Plaintiffs and Defendants/Third-Party Plaintiffs pursuant to 28 USC 1332.

7. Venue is appropriate in the Eastern District of Kentucky, because the events giving rise to the suit, namely the entry into an insurance contract between Grange and Third-

Party Plaintiffs, and the breach of that insurance contract by Grange took place in this District.

## FACTUAL ALLEGATIONS

8. Grange entered into a contract to provide insurance to Third-Party Plaintiffs pursuant to the terms of Policy No. CPP-2320072 07 01 ("the Policy").

9. Leep, Inc. ("Leep") is a business that formerly produced construction materials for use in lightweight structures primarily for government contracts.

10. Leep's secured creditor, Kentucky Highlands Investment Corporation ("KHIC"), repossessed all of Leep's equipment and inventory from Leep's Pennsylvania facility. Stearns purchased the equipment and inventory from KHIC as the creditor holding a security interest in all the assets of Leep. Stearns subsequently sold those assets to OVC.

11. Leep filed a complaint (the "Leep Complaint") on January 7, 2013. Leep originally brought its action against OVC, Mr. Egnew, Kentucky Highlands, Mr. Moncrief, and unknown John Does 1-10 in the Jefferson Circuit Court, Division Two, Action No. 13-CI-00086. Since that time Leep has twice amended its complaint to add additional counts.

12. Third-Party Plaintiffs put Grange on notice of the Leep Complaint and Grange denied coverage for all claims in the Leep Complaint, and has not tendered a defense.

13. Roger Blanken ("Mr. Blanken") claims that he is the owner of one of the pieces of equipment (the "Roll Former") repossessed from Leep and ultimately sold to OVC. Mr. Blanken filed a verified Complaint ("Blanken Kentucky Complaint") on March 6, 2013 against KHIC, OVC, and Stearns based on the repossession and subsequent sale of the Roll Former.

14. Third-Party Plaintiffs put Grange on notice of the Blanken Kentucky Complaint and Grange failed to provide a defense or acknowledge that it will indemnify Third-Party Plaintiffs for the claims in the Blanken Kentucky Complaint.

15. Mr. Blanken claims that he is the owner of the inventory ("Leep Inventory") repossessed from Leep and ultimately sold to OVC. Mr. Blanken filed a Complaint in the Court of Common Pleas of Lycoming County, Pennsylvania ("Blanken Pennsylvania Complaint") on February 25, 2014 against KHIC, OVC, and Stearns based on the repossession and subsequent sale of the inventory. That case has since been removed to Federal Court.

16. Third-Party Plaintiffs put Grange on notice of the Blanken Pennsylvania Complaint and Grange failed to provide a defense or acknowledge that it will indemnify Third-Party Plaintiffs for the claims in the Blanken Pennsylvania Complaint.

## COUNT I
## DECLARATORY JUDGMENT

17. Third-Party Plaintiffs incorporate paragraphs 1-16 as if fully set forth herein.

18. Pursuant to the terms and provisions of the Policy, Grange owes a defense and indemnification to the Third-Party Plaintiffs for the claims asserted in the Leep Complaint, the Blanken Kentucky Complaint and the Blanken Pennsylvania Complaint (the "Underlying Actions").

## COUNT II
## BREACH OF CONTRACT

19. Third-Party Plaintiffs incorporate paragraphs 1-18 as if fully set forth herein.

20. As stated above, Grange owes a defense to Third-Party Plaintiffs.

21. Because of Grange's breach of its insurance contract, Third-Party Plaintiffs have been required to engage attorneys to defend themselves in the Underlying Actions.

22. Because of Grange's breach of its insurance contract, Third-Party Plaintiffs have been forced to hire counsel to file this Complaint to require Grange to perform its obligations.

23. Grange also breached its contract in failing to indemnify Third-Party Plaintiffs.

WHEREFORE, Third-Party Plaintiffs, by counsel, respectfully pray the following relief:

1. A declaration of rights that Grange is required to indemnify and provide a defense to the claims brought in the Underlying Actions.

2. For damages in an amount to be determined at trial for costs incurred in defending the Underlying Actions.

3. For costs associated with this action, including reasonable fees for their attorneys.

4. For any and all other relief to which this Court may deem the Third-Party Plaintiffs entitled.

Respectfully Submitted,

*/s/ John M. Sosbe*________________

John M. Sosbe
D. Duane Cook
Duane Cook & Associates
135 N. Broadway
Georgetown, KY 40324
Telephone (502) 570-0022
Facsimile: (502) 570-0023
Email: duane@duanecookandassociates.com
john@duanecookandassociates.com

*Counsel for Third-Party Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of August, 2014, I electronically filed the foregoing pleading via the CM/ECF system, which will send a notice of electronic filing to:

Victor Maddox
Daniel E. Hancock
Fultz, Maddox, Hovious & Dickens, PLC
2700 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
vmaddox@fmhd.com

Peter J. Sewell
Sewell, O'Brien & Neal, PLLC - Louisville
220 W. Main Street
Suite 300
Louisville, KY 40202
502-582-2030
502-561-0766 (fax)
psewell@sonlegal.com

Catherine M. Sewell
Sewell, O'Brien & Neal, PLLC - Louisville
220 W. Main Street
Suite 300
Louisville, KY 40202
502-582-2030
502-561-0766 (fax)
csewell@sonlegal.com

Laurence J. Zielke
Zielke Law Firm, PLLC
462 South 4th Street
Suite 1250
Louisville, KY 40202
502-589-4600
502-584-0422 (fax)
lzielke@zielkefirm.com

Hon. Judge David Bunning
via e-mail
dbunningmemos@kyed.uscourts.gov

This 13th day of August, 2014.

*/s/ John M. Sosbe*________________
John M. Sosbe
D. Duane Cook
Duane Cook & Associates, PLC
135 N. Broadway
Georgetown, Kentucky 40324