UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

IN RE: CONSOLIDATED CIVIL ACTION NO. 13-47-DLB-HAI

ROGER L. BLANKEN PLAINTIFF

vs.

ANSWER OF THIRD-PARTY PLAINTIFFS TO
COUNTERCLAIM OF SCOTTSDALE INDEMNITY COMPANY

KENTUCKY HIGHLANDS
INVESTMENT CORPORATION, et al. DEFENDANTS

* * * * * * *

Come the Defendants and Third-Party Plaintiffs, Outdoor Venture Corporation, J.C. Egnew, L. Ray Moncrief, and Stearns Manufacturing, LLC ("Collectively Insureds"), by counsel, and for their Answer to Counterclaim of Scottsdale Indemnity Company ("Insurer"), state as follows;

1. Insureds admit the allegations contained in Paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 14, 17, and 19.

2. Insureds deny the allegations in Paragraph 3 of Insurer's Complaint and state that Mr. Egnew's title with Outdoor Venture Corporation is President.

3. With regard to the allegations contained in Paragraph 10, the insurance policy speaks for itself.

4. Insureds are without sufficient knowledge to admit or deny the allegations contained in Paragraph 13 as to Ward, Hocker & Thornton's involvement with respect to coverage related issues under the policy. Insureds admit that they were informed that Ward, Hocker & Thornton was being appointed by the Insurer, however Insurer sought to require

Insureds to pay part of the costs of Ward, Hocker & Thornton's involvement, a circumstance not contemplated under the Insured's policy.

5. Insureds deny the allegations in Paragraph 15. The insureds have not barred Ward, Hocker & Thornton from participating in their defense. Insurers proposed a fee sharing arrangement with Insureds which dilutes the Insurer's contractual duty to defend. The Insureds have not agreed to this arrangement which is not expressly provided for in the Insurer's policy Further Insureds deny that the cooperation required by their insurance policy forces them to pay part of the costs of attorneys chosen and hired by Insurer in performing the duty Insurer owes to the Insureds.

6. Paragraphs 16 and 18 require no response as they are organizational paragraphs. However to the extent a response is deemed required, the allegations contained in these Paragraphs are denied.

AFFIRMATIVE DEFENSES

7. The Counterclaim fails to state a claim upon which relief may be granted.

8. The Counterclaim is barred by the doctrines of waiver, estoppel, and laches.

9. The Counterclaim is barred by the doctrine of unclean hands.

Respectfully Submitted,

/s/ John M. Sosbe

John M. Sosbe
D. Duane Cook
Duane Cook & Associates, PLC
135 N. Broadway
Georgetown, KY 40324
(502) 570-0022

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2014, a copy of the foregoing was filed with the Clerk of Court via the Court's ECF system, which will serve notification of such filing on all counsel of record.

/s/ John M. Sosbe